UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHAWNTRELL NORINGTON,        )  | |
| )  | |
| Petitioner,        )  | |
| vs.        ) | 1:08-cv-192-DFH-TAB |
| )  | |
| WILLIAM WILSON,        )  | |
| )  | |
| Respondent.        )  | |

**Entry Discussing Petition for Writ of Habeas Corpus**

"[W]hen examining a habeas corpus petition, "the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

The inquiry in this case centers on exhaustion.

Shawntrell Norington is confined at an Indiana prison serving the executed portion of his convictions in Marion County for burglary, voluntary manslaughter, and armed robbery. His sentences were affirmed on direct appeal in *Norington v. State,* No. 49A04-0702-CR-112 (Ind.Ct.App. Sept. 10, 2007). Although the direct appeal has been completed, his action for post-conviction relief in the trial court is pending. The habeas claims he asserts in the present action includes those which are asserted in the pending post-conviction action. This fact requires that the action be dismissed, without prejudice,

Judgment consistent with this Entry shall now issue.

So ordered.

_David F. Hamilton_
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   8/26/2008